**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| BOARD OF TRUSTEES, SHEET METAL WORKERS' NATIONAL PENSION FUND, BOARD OF TRUSTEES, INTERNATIONAL TRAINING INSTITUTE FOR THE SHEET METAL AND AIR CONDITIONING INDUSTRY, BOARD OF TRUSTEES, NATIONAL STABILIZATION AGREEMENT OF THE SHEET METAL INDUSTRY TRUST FUND BOARD OF TRUSTEES, SHEET METAL OCCUPATIONAL HEALTH INSTITUTE TRUST, and the BOARD OF TRUSTEES, NATIONAL ENERGY MANAGEMENT INSTITUTE COMMITTEE<br><br>8403 Arlington Boulevard<br>Fairfax, Virginia 22031<br><br> Plaintiffs,<br><br>v.<br><br>CRENSHAW & BURKE CONSTRUCTION, INC. d/b/a CRENSHAW BROTHERS CONSTRUCTION, INC.<br><br>2070 Buffalo Road<br>Erie, PA 16510<br><br>and<br><br>BLUE ROCK CONSTRUCTION, LLC f/k/a CRENSHAW BROTHERS CONSTRUCTION, LLC<br><br>1854 E. 26th Street<br>Erie, PA 16510<br><br> Defendant. | CIVIL ACTION NO. 1:19-cv-561<br><br><br><br>**Additional Required Service under 29 U.S.C. § 1132(h) to:**<br><br>**U.S. Department of Labor<br>Attn: Assistant Solicitor<br> for Plan Benefits Security<br>200 Constitution Ave., N.W.<br>Washington, DC 20002**<br><br>**U.S. Department of Treasury<br>Attn: Secretary of the Treasury<br>1500 Pennsylvania Avenue, NW<br>Washington, D.C. 20220** |

1

## COMPLAINT

Plaintiffs, the separate and individual Boards of Trustees of the Sheet Metal Workers' National Pension Fund ("NPF"), the International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI"), the National Stabilization Agreement of the Sheet Metal Industry Trust Fund ("SASMI"), the Sheet Metal Occupational Health Institute Trust ("SMOHIT"), and the National Energy Management Institute Committee ("NEMIC" and together with NPF, ITI, SASMI, and SMOHIT, referred to as "the Funds"), hereby complain as follows:

### Introduction

1.  This is a civil action brought by employee benefit plans/trust funds or joint labor management organizations, and by the Trustees of the Funds, pursuant to Sections 502(a)(3), (d)(1), (g)(2) and 515 of the Employee Retirement Income Security Act of 1974, *as amended* ("ERISA"), 29 U.S.C. §§ 1132(a)(3), (d)(1), (g)(2) and 1145, and Section 301(a) of the Labor Management Relations Act of 1947, *as amended* ("LMRA"), 29 U.S.C. § 185. The Funds seek a monetary judgment against Defendants awarding delinquent contributions, accrued interest, liquidated damages, audit fees, and attorneys' fees and costs, through the date of judgment, as well as those amounts that become due and owing through the date of judgment, pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, Section 301 of the LMRA, 29 U.S.C. § 185, the collective bargaining agreement, and the Trust Document governing the Funds.

### Jurisdiction and Venue

1.  Jurisdiction is conferred upon this Court by Sections 502(e) and (f) of ERISA, 29 U.S.C. §§ 1132(e) and (f), and Section 301(c) of the LMRA, 29 U.S.C. § 185(c). Jurisdiction also lies under 28 U.S.C. § 1331.

2. Venue is proper under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Section 301(a) of the LMRA, 29 U.S.C. § 185(c), as the Plaintiff Funds are administered in this district with their principal place of business in Fairfax, Virginia.

3. Pursuant to Section 502(h) of ERISA, 29 U.S.C. § 1132(h), a copy of this Complaint will be served upon the Secretary of United States Department of Labor and the Secretary of the United States Department of the Treasury by certified mail on or about the date of filing.

**Parties**

4. Plaintiff Board of Trustees, Sheet Metal Workers' National Pension Fund ("NPF") is the collective name of the trustees of the Sheet Metal Workers' National Pension Fund. The NPF is an employee pension benefit plan within the meaning of Sections 3(2) and (3) of ERISA, 29 U.S.C. §§ 1002(2), (3), and a multiemployer plan within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), established and maintained for the purpose of providing pension benefits to eligible employees. The NPF is, and at all times material herein has been, a jointly administered trust fund established pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The Trustees of the NPF are duly authorized Trustees whose duty it is to administer the NPF for the benefit of the participants and beneficiaries of the NPF. The Trustees are "fiduciaries" within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are empowered to bring this action pursuant to Sections 502(a)(3) and 502(g)(2) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1132(g)(2). The trust, its Trustees and plan are individually or jointly referred to as "NPF" in this Complaint. The NPF is administered at 8403 Arlington Boulevard, Fairfax, Virginia 22031.

5. Plaintiff Board of Trustees, International Training Institute of the Sheet Metal and Air Conditioning Industry ("ITI") is the collective name of the trustees of the International Training Institute of the Sheet Metal and Air Conditioning Industry. ITI is an employee welfare benefit plan within the meaning of Sections 3(1) and (3) of ERISA, 29 U.S.C. §§ 1002(1), (3), and a multiemployer plan within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), established and maintained for the purpose of providing apprenticeship training and educational benefits to eligible employees. ITI is, and at all times material herein has been, a jointly administered trust fund established pursuant to Section 302(c)(6) of the LMRA, 29 U.S.C. § 186(c)(6). The Trustees of ITI are duly authorized Trustees whose duty it is to administer the plan for the benefit of the participants and beneficiaries of ITI. The Trustees of ITI are "fiduciaries" within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are empowered to bring this action pursuant to Sections 502(a)(3) and 502(g)(2) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1132(g)(2). The trust, its Trustees and plan are individually and jointly referred to as "ITI" in this Complaint. ITI is administered at 8403 Arlington Boulevard, Fairfax, Virginia 22031.

6. Plaintiff Board of Trustees, National Stabilization Agreement of the Sheet Metal Industry Trust Fund ("SASMI") is the collective name of the trustees of the National Stabilization Agreement of the Sheet Metal Industry Trust Fund. SASMI is an employee welfare benefit plan within the meaning of Section 3(2), (3) of ERISA, 29 U.S.C. § 1002(1), (3), and a multiemployer plan within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), established and maintained for the purpose of providing benefits to eligible employees. SASMI is, and at all times material herein, has been a jointly administered trust fund established pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The trustees of SASMI are duly

authorized Trustees whose duty it is to administer SAMSI for the benefit of the participants and beneficiaries of SASMI. The trustees of SASMI are "fiduciaries" within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are empowered to bring this action pursuant to Sections 502(a)(3) and 502(g)(2) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1132(g)(2). The trust, its trustees and plan are individually or jointly referred to as "SASMI" in this Complaint. SASMI is administered at 8403 Arlington Boulevard, Fairfax, Virginia 22031.

7. Plaintiff Board of Trustees, Sheet Metal Occupational Health Institute Trust ("SMOHIT") is collectively the name of the trustees of the Sheet Metal Occupational Health Institute Trust. SMOHIT a jointly labor-management health and safety organization serving the sheet metal industry established under Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The trust and its trustees are individually and jointly referred to as "SMOHIT" in this Complaint. SMOHIT is administered at 8403 Arlington Boulevard, Fairfax, Virginia 22031.

8. Plaintiff Board of Trustees, National Energy Management Institute Committee ("NEMIC") is the collective name of the trustees of the National Energy Management Institute Committee. NEMIC is a labor management committee established pursuant to Section 302(c)(9) of the LMRA, 29 U.S.C. § 186(c)(9), that is funded by contributions under various collective bargaining agreements. The committee and its trustees are jointly and severally referred to as "NEMIC" in this Complaint. NEMIC is administered at 8403 Arlington Boulevard, Fairfax, Virginia 22031.

9. The Trustees of the Plaintiff Funds bring this action in their collective names or, as necessary or appropriate, in the name of the respective trusts or plans, and their participants, and beneficiaries pursuant to Federal Rule of Civil Procedure 17.

10. At all times relevant to this action, Defendants Crenshaw & Burke Construction, Inc. doing business as Crenshaw Brothers Construction, Inc. ("Crenshaw") and Blue Rock Construction, LLC formerly known as Crenshaw Brothers Construction, LLC ("Blue Rock"), have been employers within the meaning of 29 U.S.C. § 152(2) and Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and have been engaged in an industry affecting commerce within the meanings of Sections 3(11) and (12) of ERISA, 29 U.S.C. §§ 1002(11) and (12).

11. Upon information and belief, at all times relevant to this action, Crenshaw has been incorporated in the state of Pennsylvania with a principal place of business at 2070 Buffalo Road, Erie, PA 16510.

12. Upon information and belief, at all times relevant to this action, Blue Rock has been incorporated in the state of Pennsylvania with a principal place of business at 1854 E. 26th Street, Erie, PA 16510.

## Factual Background

13. At all times relevant to this action, Crenshaw employed employees represented for the purposes of collective bargaining by the International Association of Sheet Metal, Air, Rail and Transportation Union (formerly known as the Sheet Metal Workers' International Association), Local Union 12 ("Local 12" or the "Union"), a labor organization representing employees in an industry affecting interstate commerce.

14. At all times relevant to this action, Crenshaw was signatory to, and bound by, a collective bargaining agreement ("Agreement" or "CBA") with the Union. Pursuant to the Agreement, Crenshaw is obligated to submit monthly remittance reports and fringe benefit contributions to NPF, ITI, SASMI, SMOHIT, and NEMIC for all hours worked or paid on behalf of Defendant's covered employees within the jurisdiction of Local 12.

15. Although Blue Rock is not signatory to the CBA with Local 12, Blue Rock is an alter ego of Crenshaw and/or constitutes a single employer with Crenshaw and thus is obligated to contribute to the Funds for covered employees.

16. Crenshaw was incorporated in the state of Pennsylvania in 1984.

17. Blue Rock was incorporated in the state of Pennsylvania in February 2015 as Crenshaw Brothers Construction, LLC. The corporate filings were amended to change the name to Blue Rock Construction, LLC in August 2015.

18. At all relevant times, Defendants Crenshaw and Blue Rock shared an interrelation of operations, common management, centralized control of labor relations, business purpose, equipment, customers, and common ownership. Specifically:

19. Donald Crenshaw is the owner and President of both Defendant corporations;

20. Toni Crenshaw and Vernicile Crenshaw are principal officers for both Defendant corporations;

21. Defendants employ the same classification or similar classification of employees such as HVAC technicians, those employees have the same or similar training, and Defendants perform the same type of work (air duct installation and maintenance) in the same HVAC industry in the same geographic market (Erie, PA).

22. The corporate address for Blue Rock (1854 E. 26th Street, Erie, PA 16510) is the same address for the officers of Crenshaw, namely Donald, Toni, and Vernicile Crenshaw, as listed on their corporate filings; and

23. The creation of Blue Rock, which is not signatory to a collective bargaining agreement, resulted in an expected or reasonably foreseeable benefit to Crenshaw related to the elimination of its labor obligations. By performing the same work in the same industry with the

same employees as Crenshaw but now as a non-union operation, Blue Rock is reaping the financial advantage of not providing benefits as required by Crenshaw's collective bargaining agreement, including its current and ongoing pension obligations and any former unmet pension obligations revealed by the Funds' regular payroll audits. Thus, Blue Rock is an alter ego of Crenshaw.

24. Pursuant to the Agreement, Defendants are obligated to abide by the terms and conditions of the Trust Agreements establishing the Funds, including any amendments thereto and policies and procedures adopted by the Boards of Trustees ("Trust Documents").

25. Payments due to the Funds are calculated separately for each Fund on remittance reports required to be prepared monthly by each contributing employer. This is a self-reporting system and the Funds rely on the honesty and accuracy of the employers in reporting hours worked and paid, and in reporting the contributions owed for work by employees.

26. Without the information contained in the remittance reports, the Funds cannot determine the entire amount of the monthly contributions due to the Funds or the employees' eligibility for benefits.

27. The completed remittance reports and accompanying contribution payments must be submitted to the Funds no later than the twentieth (20th) day after the end of each month during which covered work was performed and are delinquent if received thereafter.

28. Article V, Section 3 of the governing Trust Agreement and Section V of NPF's Procedures for the Collection of Contributions both provide that the Funds may audit a contributing employer for the purposes of assuring the accuracy of reports and ensuring that such employer has remitted the appropriate amount of contributions to the Funds.

29. Pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, the Agreement, the Trust Documents, and Section 301 of the LMRA, 29 U.S.C. § 185, if Defendants fail to timely submit the contractually required remittance reports and contribution payments, and the Funds file a lawsuit to recover the unpaid contributions, Defendants required to pay the following amounts to the Funds:

    a. Interest on the delinquent contributions at a rate of .0233% per day, compounded daily;

    b. Liquidated damages equal to the greater of: fifty dollars ($50.00) or ten percent (10%) of the contributions due for each month of contributions that the Company fails to pay within 30 days after the due date, but pays before any lawsuit is filed;

    c. Liquidated damages equal to the greater of interest on the delinquent contributions at the above rate or liquidated damages equal to twenty percent (20%) of the delinquent contributions owed upon commencement of litigation; and

    d. The attorneys' fees and costs incurred by the Funds in pursuing the delinquent amounts, including the attorneys' fees and costs in this action.

30. For the months of January 2012 through April 2016, Defendants employed employees within the jurisdiction of Local 12 for whom contributions were owed to the Funds and failed to make all the required contributions, despite their obligation to do so under the Agreement, Trust Documents, Section 515 of ERISA, 29 U.S.C. § 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

## Count I
*Amounts Owed Pursuant to Audit*

31. Plaintiffs reallege and incorporate Paragraphs 1 through 30.

32. This claim arises under Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

33. Defendants are obligated, under the terms of the Agreement, to provide contributions to the Funds on behalf of its covered employees. Crenshaw has failed and refused to fulfill its contractual obligations for owed contributions and resulting interest and liquidated damages as demonstrated by a payroll audit conducted on Crenshaw by the Funds for the period of January 2012 through December 2014. The audit revealed that Defendants owe contributions, interest, and liquidated damages to the Funds. While contributions remain unpaid, interest continues to accrue on these delinquent contributions and audit fees have been assessed pursuant to the Funds' governing documents.

34. The audit revealed that Crenshaw owes contributions in the amount of $6,837.79 for the period of January 2012 through December 2014. In addition to the contribution amounts found due, Crenshaw owes $6,008.42 in interest (calculated through May 3, 2019), $1,367.56 in liquidated damages, and $1,230.00 in audit testing fees. In total, Crenshaw owes $15,443.77 to the Funds for unpaid contributions, interest, liquidated damages, and testing fees. Blue Rock, as an alter ego to Crenshaw, is jointly and severally liable for these amounts.

35. Under Section 502(g) of ERISA, 29 U.S.C. § 1132(g), Plaintiffs are entitled to recover all costs of this action from Defendants, including reasonable attorneys' fees and court costs.

36. Prior to commencing this lawsuit, the Funds sent letters and attempted to directly contact Defendants to obtain the outstanding contributions from Defendants. Defendants have not responded to the Funds' correspondence.

37. Defendants' continued failure to pay the amounts due have caused irreparable harm to the plan participants in the form of loss of earnings and expenses of the Funds, endangered the eligibility of covered members' pension benefits, and other harm. Defendants' failure and refusal to comply with their obligations creates an atmosphere in the industry that encourages other employers to do the same

## Count II
*Delinquent Contributions, Liquidated Damages, Interest and Attorneys' Fees and Costs*

38. Plaintiffs reallege and incorporate Paragraphs 1 through 37.

39. This claim arises under Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

40. Defendants are obligated, under the terms of the Agreement, to provide contributions to the Funds on behalf of their covered employees. Defendants have failed and refused to fulfill their contractual obligations for the months of March 2015 through April 2016 for owed contributions, resulting in interest and liquidated damages.

41. Based on remittance reports prepared and submitted to the Funds by Crenshaw, Defendants owe contributions for the months of March 2015 through April 2016 in the amount of $260.00, $228.41 in interest (calculated through May 3, 2019), $52.00 in liquidated damages on unpaid contributions, and $1,050.37 in liquidated damages on late paid contributions.

42. The total amount owed by Defendants for the period of March 2015 through April 2016 is $1,590.78, plus additional daily interest accruing through the date of payment. Blue Rock, as an alter ego to Crenshaw, is jointly and severally liable for these amounts.

43. Under Section 502(g) of ERISA, 29 U.S.C. § 1132(g), Plaintiffs are entitled to recover all costs of this action from Defendants, including reasonable attorneys' fees and court costs.

44. Prior to commencing this lawsuit, the Funds sent letters and attempted to directly contact Defendants to obtain the outstanding contributions from Defendants. Defendants have not responded to the Funds' correspondence. There is little prospect that, lacking judicial compulsion, Defendants will satisfy their obligations to the Funds, and pay the delinquent and unpaid contributions, liquidated damages, interest, and late fees due on the delinquent and unpaid contributions.

45. Defendants' continued failure to pay the amounts due have caused irreparable harm to the plan participants in the form of loss of earnings and expenses of the Funds, endangered the eligibility of covered members' benefits, and other harm. Defendants' failure and refusal to comply with their obligations creates an atmosphere in the industry that encourages other employers to do the same.

**WHEREFORE**, Plaintiffs request a judgment against Defendants for all amounts due to the Funds as follows:

1. Declare that Crenshaw and Blue Rock are alter-egos and/or constitute a single employer and are joint and severally liable for each other's debts;

2. Declare that Defendants are delinquent in remitting owed contributions to the Funds pursuant to the Agreement;

3. Award Plaintiffs on behalf of the Funds a judgment for Defendants' delinquent contributions found to be due by the audit for the period of January 2012 through December 2014 in the total amount of $6,837.79;

4. Enter judgment against Defendants for interest on all delinquent contributions found due by audit at a rate of 8.5% per day, compounded daily, from the date due until the date paid or the date of the judgment in the amount of at least $6,008.42;

5. Enter judgment against Defendants for liquidated damages in an amount equal to the greater of interest on the delinquent contributions found due by audit calculated at the above rate, or 20% of the delinquent contributions in the amount of $1,367.56;

6. Enter judgment against Defendants for audit testing fees in the amount of $1,230.00;

7. Award Plaintiffs on behalf of the Funds a judgment for Defendants' delinquent contributions for the period of March 2015 through April 2016 in the total amount of $260.00;

8. Enter judgment against Defendants for interest on all delinquent contributions at a rate of 8.5% per day, compounded daily, from the date due until the date paid or the date of the judgment in the amount of at least $228.41;

9. Enter judgment against Defendants for liquidated damages on unpaid contributions and late paid contributions in an amount equal to the greater of interest on the delinquent contributions calculated at the above rate, or 20% of the delinquent contributions in the amount of $1,102.37;

10. Enter judgment for all attorneys' fees and costs incurred by the Funds in pursuing the delinquent amounts as provided by Section 502(g) of ERISA; and

11. Award such other relief as the Court deems just and proper.

Respectfully Submitted,

    /s/ Diana M. Bardes
Diana Bardes
Mooney, Green, Saindon, Murphy & Welch, P.C.
1920 L Street, NW, Suite 400
Washington, D.C. 20036
(202) 783-0010
(202) 783-6088 facsimile
dbardes@mooneygreen.com
Counsel for Plaintiff Funds

May 9, 2019

## CERTIFICATE OF SERVICE UNDER 29 U.S.C. § 1132(h)

I hereby certify that on this 9th day of May, 2019, a true and correct copy of the foregoing COMPLAINT UNDER ERISA FOR DELINQUENT CONTRIBUTIONS, INTEREST, LIQUIDATED DAMAGES, ATTORNEYS FEES, AND COSTS was served via certified mail on:

    U.S. Department of Labor
    Attn: Assistant Solicitor for Plan Benefits Security
    200 Constitution Ave., N.W.
    Washington, DC 20002

    U.S. Department of Treasury
    Attn: Secretary of the Treasury
    1500 Pennsylvania Avenue, NW
    Washington, D.C. 20220

                                                                          ____/s/ Diana M. Bardes_____
                                                                              Diana M. Bardes